IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KURTIS BLAKE NEWILL. CD-9044,   )
    Petitioner,   )
                                        )
        v.   )   Civil Action No. 07-1273
                                        )
DONALD KELCHNER, et al.,   )
    Respondents.   )

OPINION AND ORDER

Mitchell, M.J.:

Kurtis Blake Newill, and inmate at the State Correctional Institution at Fayette has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons that follow the petition will be dismissed as having been untimely filed. Additionally, a certificate of appealability will be denied as no viable grounds exists upon which a reasonable jurist could conclude that there is a basis for appeal.

Newill is presently serving a seven to fourteen year sentence imposed, following his conviction upon a plea of nolo contendere to charges of aggravated assault, recklessly endangering another person, simple assault, and resisting arrest at No. 89 of 2005, in the Court of Common Pleas of Fayette County, Pennsylvania. This sentence was imposed on March 28, 2005.[1] No appeal was filed.[2]

On November 13, 2006, Newill filed a "Motion to Modify Sentence or Re-Instate

---

[1] See: Petition at ¶¶ 1-6, and August 13, 2007 Memorandum of the Superior Court which is partially attached to the petition and which is completely appended hereto.

[2] See: Petition at ¶ 10(a).

Defendant's PCRA Rights" which was dismissed on December 19, 2006[3].

An appeal was taken to the Superior Court which Court held on August 13, 2007 that the above submission should have been treated as a PCRA petition and as such was untimely.[4]

In the instant petition which was executed on September 12, 2007, Newill contends he is entitled to relief on the following grounds:

> I. Petitioner's 14th Amendment Due Process rights were violated when the court below denied his access to his plea, sentencing, PCRA withdrawal transcripts, and counsel's files, which precluded him from raising any claim that his rights were violated in those proceedings.
>
> II. Petitioner's Sixth Amendment rights to the effective assistance of counsel were violated when plea and sentencing counsel failed to present evidence that at the time of the offense petitioner was acting under the mental illnesses of compulsive paranoid schizophrenia and psychotic depressive disorders in mitigation of a lesser sentence.
>
> III. Petitioner's 14th Amendment due process rights were violated when the plea-sentencing court failed to take into consideration that at the time of the crime petitioner was suffering from the mental illnesses of compulsive paranoid schizophrenia and psychotic depressive disorders in mitigation of a lesser sentence.
>
> IV. The opinion below is polluted with errors regarding what and when petitioner's PCRA etc., motions were filed. And is an exercise in contradictions.
>
> It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:
>
> (1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct

---

[3] See: Statement in Lieu of Opinion filed on January 18, 2007 and appended to the petition.

[4] The Superior Court also observed that on February 14, 2006, the petitioner filed a post-conviction petition which was withdrawn on August 29, 2006.

review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, sentence was imposed on March 28, 2005, and no appeal was pursued. In Kapral v. United States, 166 F.3d 565 (3d Cir.1999), the Court noted that in the absence of the filing for review, the judgment becomes final when the time period in which to seek that review expires. Thus, the petitioner's conviction became final on April 27, 2005.[5] The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until February 14, 2006, but voluntarily withdrew that petition, and did not make a submission to the court until his September 29, 2006 motion which the Superior Court instructed should have been treated as a post-conviction petition. That petition was denied as untimely filed by the Superior Court on August 13, 2007, and for this reason was not a "properly filed" petition. The instant petition was executed on September 12, 2007, or almost two and a half years after his conviction became final, and is time barred here.

Additionally, it should also be noted that there was no impediment created by state law which prevented the petitioner from raising the issues which he seeks to raise here; the grounds

---

[5] Rule 903, Pa.R.A.P.

which the petitioner alleges in support of the instant petition are not "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" and there is no factual basis for alleging a newly discovered claim. Thus, the instant petition is time barred.

For this reason, the petition of Kurtis Blake Newill for a writ of habeas corpus will be dismissed, and a certificate of appealability will be denied because there is no basis upon which a reasonable jurist could conclude that the petition is entitled to relief.

An appropriate Order will be entered.

ORDER

AND NOW, this 17th day of October 2007, the petition of Curtis Blake Newill for a writ of habeas corpus is dismissed, and because no viable constitutional issue exists upon which a reasonable jurist could conclude that there is a basis for appeal, a certificate of appealability is denied:

AND IT IS FURTHER ORDERED that if he desires to appeal this determination, the petition is put on notice that his appeal must be filed within thirty (30) days as mandated by F.R. App.P. 4(a)(1)(A).

s/ Robert C. Mitchell,
United States Magistrate